## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 13 2018, 9:07 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Daniel J. Vanderpool
Vanderpool Law Firm, P.C.
Warsaw, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Evan Matthew Comer
Robert J. Henke
Deputy Attorneys General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| In the Matter of the Termination of the Parent-Child Relationship of M.D., E.M.D., E.J.D., and G.D. (Minor Children) and<br><br>J.D. (Father),<br><br>*Appellant-Respondent,*<br><br>v.<br><br>Indiana Department of Child Services,<br><br>*Appellee-Petitioner.* | March 13, 2018<br><br>Court of Appeals Case No. 85A02-1709-JT-2180<br><br>Appeal from the Wabash Circuit Court<br><br>The Honorable Robert R. McCallen, III, Judge<br><br>Trial Court Cause Nos. 85C01-1604-JT-6 85C01-1604-JT-7 85C01-1604-JT-8 85C01-1604-JT-9 |

**Mathias, Judge.**

[1] J.D. ("Father") appeals the Wabash Circuit Court's order terminating his parental rights to his four children. Father argues that the trial court abused its discretion when it failed to continue the fact-finding hearing after observing Father's agitated mental state.

[2] We affirm.

## Facts and Procedural History

[3] Father has four children. M.D., born in 2001, E.M.D., born in 2003, E.J.D., born in 2005, and G.M.D., born in 2007. In 2011, Father was charged with molesting E.M.D., and he pleaded guilty to Class A felony child molesting in 2013. Father is serving his sentence in the Department of Correction, and his earliest anticipated release date is in 2033.

[4] The children remained with their mother until June 2014. On June 19, 2014, the Department of Child Services ("DCS") filed petitions alleging that the children were children in need of services because they had been abandoned, and they lacked food and shelter. The children were removed from their mother's care and placed in foster care. DCS offered the children's mother services, but her participation was inconsistent.

[5] DCS did not offer Father services due to his incarceration. Father has not attempted to communicate with the children while he has been incarcerated and has not seen the children for several years. Father participated in counseling and parenting classes through the Department of Correction, but claims he no longer needs counseling.

[6]     On April 22, 2016, DCS filed a petition to terminate Father's parental rights.[1] After several continuances, the fact-finding hearing was held on August 23, 2017.

[7]     At the hearing, the trial court asked Father's attorney if Father was going to voluntarily relinquish his parental rights. Father's attorney replied that he was

> having a hard time having meaningful communication with him. . . . [H]e's. . . very agitated and withdrawn. His moods are unstable today. I've inquired about [] what medication he's on. The Jail's indicated that he's received his prescribed medicine. . . I don't think . . . he's in a frame of mind where a voluntary termination should be taken by the Court. In any event, he's indicated he doesn't want to do that.

Tr. p. 9–10. Father's attorney then stated that Father's agitation and communication issues were impairing his "ability to effectively represent him today." *Id*. at 10.

[8]     The trial court responded that the court had "significant knowledge of [Father] and his . . . antics" because the court presided over Father's criminal proceedings. *Id*. The court noted that Father's behavior was unpredictable and "somewhat hysterical" but that Father was "fully aware of what he was doing." Therefore, the court stated, "I don't think that [h]is antics ought to unnecessarily delay the proceedings today." *Id*. And the court determined that

---

[1] The children's mother voluntarily relinquished her parental rights at the August 23, 2017 fact-finding hearing.

it would continue with the fact-finding hearing. The court also denied Father's request for a new lawyer.

[9] On the same day as the fact-finding hearing, the trial court issued an order terminating Father's parental rights. The trial court found that the children could not be placed with Father because he is incarcerated and his earliest possible release date is in 2033. Further, the court found that E.M.D. had suffered "immense trauma" as a result of being molested by Father, and Father "has a total disregard for what is best for his children as evidenced by his decision to molest [E.M.D]." Appellant's App. p. 9.

[10] Father now appeals.

## Discussion and Decision

[11] Father's sole argument on appeal is that the trial court abused its discretion when it held the fact-finding hearing after observing Father's behavior. Father contends that his attorney's statement concerning his impaired ability to represent Father due to his agitation and inability to effectively communicate was, in effect, a motion to continue the fact-finding hearing.

[12] But Father never specifically asked the court to continue the fact-finding hearing. Therefore, he waived this issue for review. *See* Ind. Appellate Rule 46(A)(8)(a); *In re B.R.*, 875 N.E.2d 369, 373 (Ind. Ct. App. 2007) ("In order to properly preserve an issue on appeal, a party must, at a minimum, 'show that it gave the trial court a bona fide opportunity to pass upon the merits of the claim before seeking an opinion on appeal.'"), *trans. denied* (citations omitted).

[13] Even if we agreed with Father that his attorney's statements constituted a request for a continuance, we observe that a trial court's ruling on a non-statutory motion for a continuance is within the sound discretion of the trial court. *J.M. v. Marion Cty. Office of Family and Children*, 802 N.E.2d 40, 43 (Ind. Ct. App. 2004), *trans. denied*. And the court's decision "will be reversed only upon a showing of an abuse of discretion and prejudice resulting from such an abuse." *Id.*; *Rowlett v. Vanderburgh Cty. Office of Family and Children*, 841 N.E.2d 615, 619 (Ind. Ct. App. 2006) ("[N]o abuse of discretion will be found when the moving party has not demonstrated that he or she was prejudiced by the denial."), *trans. denied*.

[14] We are also aware that there is a cost in delaying the adjudication of termination cases in that they impose a strain upon the children involved and exact "an intangible cost" to their lives. *In re E.E.*, 853 N.E.2d 1037, 1043 (Ind. Ct. App. 2006), *trans. denied*. While continuances may certainly be necessary to ensure the protection of a parent's due process rights, courts must also be cognizant of the strain these delays place on a child. *In re C.C.*, 788 N.E.2d 847, 853 (Ind. Ct. App. 2003), *trans. denied*.

[15] Under the facts and circumstances of this case, Father cannot demonstrate that he was prejudiced when the trial court refused to continue the fact-finding hearing. Father is incarcerated until 2033 for Class A felony child molesting. Father molested his oldest daughter, and she continues to suffer significant trauma from the molestation. Importantly, all of the children will have reached the age of eighteen years before Father is released from prison.

[16]  Furthermore, the trial court believed based on past experience with Father that he was faking his agitation and irrational mental state. Tr. p. 10. Father participated in the hearing, and he understood and answered the questions that were asked of him. After reviewing the record, we agree with the trial court's assessment that Father was mentally aware and understood the proceedings. The children deserve permanency after being in foster care for over three years. Because Father has not established that he was prejudiced when the trial court failed to continue the fact-finding hearing, we affirm the trial court's order terminating Father's parental rights to M.D., E.M.D., E.H.D, and G.D.

[17]  Affirmed.

Najam, J., and Barnes, J., concur.